UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CHARLES KINNEY,<br><br>          Plaintiff,<br><br>     v.<br><br>MICHELE R. CLARK, et al.,<br><br>          Defendants. | Case No. 16-cv-1260-LB<br><br>[Re: ECF No. 30] |

## INTRODUCTION

The plaintiff Charles Kinney moves the court to reconsider its decision to transfer the case to the Central District on the grounds that 1) the court should have disqualified itself and 2) in any event should not have transferred the case.[1] The court finds that it can decide this matter without oral argument under Civil Local Rule 7-1(b). The court denies the motion for reconsideration.

## GOVERNING LAW

A motion to reconsider a final appealable order is appropriately brought under either Federal Rule of Civil Procedure 59(e) or 60(b). *See Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir.

---

[1] Motion — ECF No. 30. Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

ORDER (No. 16-cv-01260-LB)

1991). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *see also Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Motions for reconsideration should not be frequently made or freely granted. *Twentieth Century–Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1980).

Rule 59(e) allows a party to seek an order altering or amending a judgment. Rule 59(e) does not state when a court should reconsider a prior decision, but the Ninth Circuit has stated that "Rule 59(e) amendments are appropriate if the district court '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Dixon v. Wallowa Cnty.*, 336 F.3d 1013, 1022 (9th Cir. 2003) (quoting *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

And under Rule 60(b),

> the court may relieve a party. . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Generally speaking, though, a motion for reconsideration "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (referring to Rule 59(e)); *see also Casey v. Albertson's Inc.*, 362 F.3d 1254, 1259–61 (9th Cir. 2004) (referring to Rule 60(b)); *Kona Enters.*, 229 F.3d at 890 (interpreting Rule 59(e)). The sole exception is when the court has committed "clear" or "manifest" error. Mere disagreement with a court's order, however, does not provide a basis for reconsideration. *See McDowell v. Calderon*, 197 F.3d 1253, 1256 (9th Cir. 1999).

# ANALYSIS

## 1. Recusal

Mr. Kinney's first argument is that the court erred by referring to its prior order transferring a different case in 2014; he argues that this is information from an impermissible extrajudicial source.[2] It is not. The court considers other opinions and other orders all the time, sometimes for precedent, sometimes for procedural context, and sometimes for persuasive authority. This is not unusual; it is ordinary.

## 2. The transfer was appropriate

This lawsuit challenges the defendants' debt-collection practices against Mr. Kinney in state court; Mr. Kinney asserts that they violate the Fair Debt Collection Practices Act.[3] 'Citing 15 U.S.C. § 1692i, Mr. Kinney argued in his opposition to the motion to transfer and again here that venue for his complaint is exclusively in the Northern District.[4] That venue statute requires debt collectors to bring lawsuits to enforce debts against consumers 1) in the case of a lawsuit to enforce an interest in real property, in the judicial district where the real property is located; or 2) for other lawsuits, in the district where the consumer signed the contract sued upon or where the consumer resides at the time the lawsuit is filed. *See* 15 U.S.C. § 1692i. The court considered Mr. Kinney's arguments and transferred the case. Mr. Kinney's disagreement with the court's decision does not form the basis for a motion to reconsider it.

# CONCLUSION

The court denies the motion for reconsideration. This disposes of ECF No. 30.

**IT IS SO ORDERED.**

Dated: June 21, 2016

LAUREL BEELER
United States Magistrate Judge

---

[2] Motion — ECF No. 30 at 6 (referencing Order − ECF No. 29 at 4).

[3] Complaint — ECF No. 1, ¶¶ 36-77.

[4] Opposition — ECF No. 16 at 2; Motion — ECF No. 30 at 6-7.